UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREL RIVERO,

    Plaintiff,

v.                             Case No.: 8:07-cv-2311-T-30MSS

GOODMAN DISTRIBUTION, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes on for consideration of Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") (the "Motion") and Affidavit of Indigency (Dkt. 2). When considering a motion to proceed IFP made pursuant to 28 U.S.C. § 1915(a), "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). Once the threshold question of economic eligibility is satisfied, the court then determines whether the IFP motion should be denied because the complaint has failed to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B).

Allegations of Poverty

An IFP affidavit filed in support should be accepted "absent a serious misrepresentation." Martinez, 364 F.3d at 1307. Parties should not be "forced to

1

become public charges or abandon their claims because of the filing fee requirements." Id. (citing Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339-40 (1948)).

Plaintiff's IFP affidavit indicates that he is not presently employed, but had a monthly income of $2,000 when he worked for Defendant as a truck driver. He has a vehicle registered in his name worth $8,747.45 with $8,367.53 owed to Citi Financial Auto. He has $200 in his bank account, has one dependent and owns no real property. Upon consideration of Plaintiff's affidavit, the Undersigned, therefore, finds that Plaintiff has made sufficient allegations of poverty and satisfied the question of financial eligibility.

## Complaint

This Court is also required to determine whether Plaintiff's complaint is frivolous, malicious, or fails to state a claim, and is, therefore, subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(I-ii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Specifically, a court must evaluate the complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990). *Pro se* complaints should be held to a less stringent standard than formal pleadings drafted by lawyers. See Watson, 525 F.2d at 891.

Here, Plaintiff has filed a *pro se* civil rights complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff's "complaint" consists of a one page letter setting forth the alleged details of his termination. Plaintiff alleges that he is Cuban, that his supervisor is Caucasian and that he was terminated following an accident he had in a private vehicle that was not reported to the company. However, Plaintiff alleges that the accident was reported to his supervisor who informed him that it did not need to be documented or reported to the company because the accident did not involve a company vehicle. Plaintiff has attached to his complaint his EEOC charge of discrimination which recites the same allegations and the EEOC issued right to sue letter.[1]

While *pro se* complaints are generally held to a less stringent standard than formal pleadings drafted by lawyers, Plaintiff has failed to allege any facts in his complaint supporting a claim of discrimination. See Watson, 525 F.2d at 891. Plaintiff has failed to alleged this Court's *in personam* jurisdiction over the parties. Moreover, Plaintiff has failed to identify his "demand for the relief sought." Fed. R. Civ. P. 8. Consequently, Plaintiff has failed to state a claim under Rule 8 of the Federal Rules of Civil Procedure.

---

[1] The EEOC made no finding on Plaintiff's charge of discrimination against Defendant.

**CONCLUSION**

In light of the foregoing, the Undersigned respectfully **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and **DISMISS** this action without prejudice to Plaintiff to reassert his claim.

Respectfully **RECOMMENDED** in Tampa, Florida on this 3rd day of March 2008.

_____
MARY S. SCRIVEN
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within **ten (10) days** from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies furnished to:

Unrepresented Parties
Presiding District Judge
Counsel of Record